# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT CHILDRESS,

        Petitioner,        Case Number: 2:11-CV-10621

v.        HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

        Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The petitioner Robert Childress is incarcerated at the Mound Correctional Facility in Detroit, Michigan; he is serving two concurrent state sentences. The petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging a conviction rendered in this district. For the reasons which follow, the petition is dismissed.

### I.

The petitioner pleaded guilty before the Honorable George Caram Steeh of making false statements in violation of 18 U.S.C. § 1014. On June 13, 2002, he was sentenced to 11 months in prison, to be followed by five years' supervised release. On October 1, 2010, the petitioner pleaded guilty to violating his supervised release. He was sentenced to three years in prison, to run consecutively to his State of Michigan convictions.

On December 30, 2009, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the trial court. The district court denied the

motion. *United States v. Childress*, No. 2:00-cr-80466 (E.D. Mich. June 30, 2010). The district court also denied the petitioner's motion for a certificate of appealability. *Id.* (Aug. 31, 2010). The petitioner then filed a request for a certificate of appealability in the Sixth Circuit Court of Appeals. The Court of Appeals denied the request. *Childress v. U.S.*, No.10-1905 (6th Cir. Dec. 23, 2010).

Now pending is petitioner's § 2241 petition. He argues that he is innocent of the charges, that he was maliciously prosecuted, and that he received ineffective assistance of counsel.

## II.

### A.

Rule 4, Rules Governing § 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing § 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing § 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes the petitioner's claims do not warrant habeas relief.

### B.

The petitioner challenges his federal conviction and sentence.  A habeas petitioner who seeks to challenge a federal conviction or sentence should file a motion to vacate sentence in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999).  A petitioner seeking to challenge the execution or manner in which a sentence is served should file those claims in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Id.*  While § 2255 is typically the exclusive avenue for federal prisoners to collaterally attack convictions or sentences, §2255 includes a "savings clause" which permits a prisoner to petition for relief under § 2241, upon a showing that relief under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, since the "liberal allowance" of the writ under § 2241 defeats the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Nor is § 2255 considered inadequate simply because: (1) § 2255 relief has already been denied; (2) a procedural bar precludes relief under § 2255; or (3) permission to file a second or successive motion under § 2255 has been denied. *Charles*, 180 F.3d at 756.  The petitioner bears the burden to show that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

In actuality, the Sixth Circuit Court of Appeals holds that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence."

*Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). And, to establish actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.*

Unless petitioner can demonstrate actual innocence then, he should have filed his petition under § 2255.

The petitioner asserts that he is innocent, despite his guilty plea. However, the petitioner presents no argument to support his assertion, or new facts or evidence which suggests actual innocence. His own conclusory assertion of innocence is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him. *Accord Lott v. Davis*, 105 F. App'x 13, 16 (6th Cir. 2004) (holding that a petitioner's claim, "without elaboration," that he is actually innocent is insufficient to obtain the benefit of the savings clause).

The Court finds that this petition does not demonstrate innocence and is, in fact, a collateral attack on the petitioner's conviction and sentence, and not on its execution; it should have been brought under § 2255. Further, he does not show that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, he may not obtain relief under § 2241.

The petitioner may be able to raise his claims in a second or successive petition under § 2255; however, the petitioner must first obtain approval to file such a petition

from the Sixth Circuit Court of Appeals. The Sixth Circuit instructed district courts to transfer second or successive § 2255 motions filed in the district court without prior authorization to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Where a petition is filed pursuant to § 2241, however, the Sixth Circuit has instructed courts to rule on the petition. *See Rivera v. Warden, FBI, Elkton*, 27 F. App'x 511, 516 (6th Cir. 2001); *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

### III.

The Sixth Circuit has narrowly interpreted the situations in which a § 2255 petition would be inadequate, thereby opening the door for a § 2241 petition. Since Petition must demonstrate actual innocence to make this a plausible § 2241 petition - and he fails to do that.

Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, this petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 21, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Childress by electronic means or U.S. Mail on March 21, 2011.

s/Linda Vertriest
Deputy Clerk